in aid of that court's jurisdiction. Concerning service connection for a disability retroactive to 1970, the court stated that Teague had not exhausted his administrative review of such a claim. Teague appealed that court's order to this court.

Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Appeals for Veterans Claims is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Appeals for Veterans Claims with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). If an appellant's case does not meet these criteria, 38 U.S.C. § 7292(d) requires this court to dismiss the appeal. *See In re Bailey,* 182 F.3d 860 (Fed.Cir.1999).

In his informal brief, Teague argues the facts concerning his case and cites to various statutes and constitutional provisions. However, Teague does not challenge the validity or interpretation of any statute or regulation or raise a nonfrivolous constitutional issue. Therefore, our limited jurisdiction does not permit review. *See* 38 U.S.C. § 7292.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) Each side shall bear its own costs.

Adnan H. ALHILAWI, Petitioner,

v.

DEPARTMENT OF THE INTERIOR, Respondent.

No. 01–3293.

United States Court of Appeals, Federal Circuit.

Aug. 15, 2001.

ORDER

The petitioner having failed to pay the docketing fee required by Federal Circuit Rule 52(a)(1) and to file the required Statement Concerning Discrimination, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

Isabel R. BAUTISTA, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 01–3257.

United States Court of Appeals, Federal Circuit.

Aug. 15, 2001.

ORDER

The petitioner having failed to pay the docketing fee required by Federal Circuit

Rule 52(a)(1) and to file the required Statement Concerning Discrimination, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

**XILINX, INC., Plaintiff–Appellant,**

v.

**ALTERA CORPORATION, Defendant–Cross Appellant.**

**No. 01–1385, 01–1424.**

United States Court of Appeals, Federal Circuit.

Aug. 15, 2001.

## ORDER

The parties having so agreed, it is

ORDERED that the proceeding is DISMISSED under Fed. R.App. P. 42(b).

**Juan A. MEDINA–SOTO, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 01–7060.**

United States Court of Appeals, Federal Circuit.

Aug. 15, 2001.

## ORDER

The appellant having failed to file the brief required by Federal Circuit Rule 31(a) within the time permitted by the rules, it is

ORDERED that the notice of appeal be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

